IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY OLIVER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERIS BANK; CHEX SYSTEMS, INC.; GEOVISTA CREDIT UNION; TRANS UNION, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and EQUIFAX INFORMATION SOLUTIONS, LLC,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 4:20-cv-273 |

**O R D E R**

Presently before the Court are several filings in this case: a "Stipulation of Voluntary Dismissal With Prejudice" of Defendant GeoVista Credit Union (hereinafter, "GeoVista"), (doc. 29); a "Joint Notice of Settlement" as to Defendant Trans Union, LLC (hereinafter, "Trans Union"), (doc. 34); a "Joint Notice of Settlement" as to Defendant Experian Information Solutions, Inc. (hereinafter, "Experian"), (doc. 44); and Defendant Ameris Bank's "Notice of Withdrawal of Certain Motions," (doc. 38). The Court will address each in turn.

In the Stipulation of Voluntary Dismissal With Prejudice, which was filed on December 4, 2020, and is signed by counsel for all parties to the case, the parties stipulate to the dismissal, with prejudice, of all claims asserted by Plaintiff against Defendant GeoVista, with each party to pay its own fees, expenses and costs. (Doc. 29.) Accordingly, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the Court **DISMISSES** Defendant GeoVista Credit Union with prejudice, with each party to bear its respective fees, expenses and costs. See Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 255 (5th Cir. 1973) ("[R]eading the rules

governing dismissal by notice and dismissal by motion together, we conclude that it was intended by the rule-makers to permit dismissal against such of the defendants as have not served an answer or motion for summary judgment . . . .").[1]  The Court **DIRECTS** the Clerk of Court to update the docket accordingly and to **TERMINATE AS MOOT** the pending Request for Entry of Default Against Defendant GeoVista Credit Union, (doc. 20), which was filed by Plaintiff on December 1, 2020.

While the Joint Notice of Settlement so to Trans Union was signed and filed only by counsel for Defendant Trans Union, it states that both Plaintiff and Trans Union "hereby respectfully notify the Court that Plaintiff and Trans Union have settled all claims between them in this matter." (Doc. 34.)  The filing states that each party will bear its own costs and fees, and that Trans Union "agrees to provide Plaintiff with a settlement agreement within 30 days of the filing of this notice." (Id.)  The parties also request that the Court "retain jurisdiction for any matters related to completing and/or enforcing the settlement." (Id.)  The self-imposed deadline for Trans Union to provide Plaintiff with a settlement agreement expires in just over a week.  Even if Trans Union has provided a proposed agreement to Plaintiff, it is not clear whether or when the agreement will be executed by both parties, at which point an additional filing will be required before the Court can dismiss Trans Union from the case and retain jurisdiction to enforce the settlement agreement.  For now, Trans Union remains a party to this case and all claims against it remain pending.  The Court **ORDERS** Trans Union to file a written status report, **on or before January 15, 2021**, indicating the status of the settlement agreement (unless, prior to that date, an appropriate filing is made concerning the dismissal of Trans Union from the case).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Similarly, while the Joint Notice of Settlement as to Experian was signed and filed only by counsel for Defendant Experian, it states that both Plaintiff and Experian "hereby respectfully notify the Court that Plaintiff and Experian have settled all claims between them in this matter." (Doc. 44.)  The filing states that each party will bear its own costs and fees, and that Experian "agrees to provide Plaintiff with a settlement agreement within 30 days of the filing of this notice." (Id.)  The parties also request that the Court "retain jurisdiction for any matters related to completing and/or enforcing the settlement."  (Id.)  The self-imposed deadline for Experian to provide Plaintiff with a settlement agreement does not expire until February 4, 2020.  Even if Experian has already provided a proposed agreement to Plaintiff, it is not clear whether or when the agreement will be executed by both parties, at which point an additional filing will be required before the Court can dismiss Experian from the case and retain jurisdiction to enforce the settlement agreement.  For now, Experian remains a party to this case and all claims against it remain pending.  The Court **ORDERS** Experian to file a written status report, **on or before February 5, 2021**, indicating the status of the settlement agreement (unless, prior to that date, an appropriate filing is made concerning the dismissal of Experian from the case).

Finally, in its "Notice of Withdrawal of Certain Motions," (doc. 38), Defendant Ameris Bank (hereinafter, "Ameris") indicates its intention to withdraw its Motion to Dismiss, (doc. 10), as well as its Renewed Motion to Dismiss, (doc. 30).  The Court **GRANTS** Ameris' request and **AUTHORIZES** and **DIRECTS** the Clerk of Court to **TERMINATE** both motions, (doc. 10, 30).

**SO ORDERED**, this 7th day of January, 2021.

_____
R. STAN BAKER

3

UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA