IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANTHONY OLIVER,

      Plaintiffs,

v.

AMERIS BANK, et al.,

      Defendants.

CIVIL ACTION NO.: 4:20-cv-273

**O R D E R**

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's December 1, 2020, Report and Recommendation, (doc. 23), to which Plaintiff has not filed an objection.  Defendant Ameris Bank ("Ameris") has filed an objection.  (Doc. 37.)  For the following reasons, the Court **ADOPTS** the Report and Recommendation as its opinion.

Plaintiff has moved for the Court to suspend filing restrictions imposed in Oliver v. Lyft, Inc., 2019 WL 5388472, at *2 (S.D. Ga. Sept. 13, 2019).  (Doc. 22.)  He alleges that, while he is incarcerated, such restrictions, particularly the requirement that he post a $1,000 contempt bond, operate to completely bar his access to the federal courts.  (Id. at 2–3.)  The Magistrate Judge has recommended that the motion be granted and that, for the period of plaintiff's incarceration, the contempt bond be suspended in favor of the conditions of the Prison Litigation Reform Act, 28 U.S.C. § 1915.  (Doc. 23, p. 6.)  It was further recommended that in cases removed from state court where the plaintiff is not proceeding *in forma pauperis*, such as this, plaintiff may move for the bond to be waived, supporting the motion with a sworn attestation of indigency.  (Id. at 6–7.)

The Court is unconvinced that Ameris has standing to object to the recommendation which pertains only to another party's ability to file a case in this Court. Regardless, as the objection is more properly viewed as a request for clarification, the Court need not resolve this question. Ameris seeks clarification as to if 28 U.S.C. § 1915(g) would serve as a bar to plaintiff's litigation were the existing filing restrictions suspended. (Doc. 37, p. 3.) Section 1915(g) bars prisoners from filing civil claims while proceeding *in forma pauperis* if they have on three or more prior occasions, while incarcerated, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] 28 U.S.C. § 1915(g). To the knowledge of the Court, plaintiff has not accumulated the three dismissals necessary to invoke this bar. Therefore, the Court need not determine the applicability of 28 U.S.C. § 1915(g) in this case.

Accordingly, the Court **ADOPTS** the Report and Recommendation (doc. 23) as its opinion. The restriction requiring plaintiff to post a $1,000 contempt bond is **SUSPENDED** for the period of plaintiff's incarceration in cases in which he proceeds *in forma pauperis*. In all other cases filed during his term of incarceration—including those removed from state court—plaintiff may apply to have the bond requirement waived. The motion for waiver must be supported by a sworn affidavit declaring his indigency and inability to remit payment. The affidavit must include the language: "I declare under penalty of perjury under the laws of the United States of America that

---

[1] It is an open question in this Circuit whether 28 U.S.C. § 1915(g) bars plaintiffs in cases removed from state court that would have been precluded from bringing their claims before the federal courts. The Fourth Circuit has found that prisoners should not be barred in such circumstances. Gay v. Chandra, 682 F.3d 590, 596 (7th Cir. 2012). At least one court in this circuit has followed a similar course. See Howard v. Braddy, 2013 WL 5461689, at *3–4 (M.D. Ga. Sept. 30, 2013) (finding that § 1915(g) is not applicable in a removed case as plaintiff was not proceeding in forma pauperis); Forehand v. Sapp, 2018 WL 5316031, at * 2, (M.D. Ga. Sept. 21, 2018) (declining to construe § 1915(g) to apply to cases removed from state court).

2

the foregoing is true and correct. Executed on (date)," 28 U.S.C. § 1746.  The motion must also be accompanied by a copy of plaintiff's prisoner trust account.   During the pendency of plaintiff's motions to proceed *in forma pauperis* or waive the bond, the bond requirement shall be suspended. These deviations from the filing restrictions imposed in Oliver v. Lyft, Inc., 2019 WL 5388472, at *2 (S.D. Ga. Sept. 13, 2019) are applicable only to cases filed while plaintiff is detained or incarcerated.

    **SO ORDERED**, this 15th day of January, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA