IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY OLIVER, | |
| Plaintiff, | CIVIL ACTION NO.: 4:20-cv-273 |
| v. | |
| AMERIS BANK; CHEX SYSTEMS, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; and EQUIFAX INFORMATION SOLUTIONS, LLC, | |
| Defendants. | |

**O R D E R**

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's July 16, 2021, Report and Recommendation, (doc. 77), to which plaintiff has filed an objection, (doc. 78). The Magistrate Judge recommended that Oliver's motions requesting leave to amend his Complaint be denied. (Doc. 77 at 9–10.) He also recommended that the case be dismissed for Oliver's failure to disclose that he has accumulated at least three strikes under 28 U.S.C. § 1915(g) or, in the alternative, that the pending motion to waive the required contempt bond be denied. (Id. at 22.) Finding Oliver's conduct to be a continuation of his past abusive and vexatious practices, the Magistrate Judge recommended the imposition of further pre-filing restrictions. (Id. at 24–25.) For the following reasons, the Court **ADOPTS** the Report and Recommendation as its opinion.

**DISCUSSION**

The Magistrate Judge recommended that Oliver's motions to amend his Complaint be denied. (Docs. 40 & 52.) Oliver has not raised an objection to this recommendation and, noting

that he has filed a motion to voluntarily withdraw his claims against Ameris Bank, the Court deems any objection to this recommendation waived. Therefore, the Magistrate Judge's recommendation that the motions to dismiss be denied is **ADOPTED** as the opinion of the Court.

Oliver's objections concern the Magistrate Judge's remaining recommendations that his motion for waiver of the required contempt bond be denied, the case be dismissed, and additional pre-filing restrictions be imposed. With regard to the existing and proposed pre-filing restrictions, Oliver objects to the determination of the Magistrate Judge that he is a vexatious litigant and to the scope of the restrictions. His objection to the recommendation of dismissal concerns the Court's finding that he has previously accumulated three strikes under 28 U.S.C. § 1915(g) and failed to disclose this status. The Court is unmoved by these objections.

**I.  Contempt Bond and Pre-Filing Restrictions**

Oliver alleges that his conduct in this case does not warrant the imposition of new pre-litigation restrictions. He does not expressly address the Court's recommendation that his motion for waiver of the existing contempt bond be denied. Rather, he focuses his discussion on the appropriateness of the proposed pre-filing restrictions, which incorporate the existing contempt bond requirement. Acknowledging Oliver's pro se status and the commonalities between the existing and proposed pre-filing restrictions, the Court construes his objection to cover the waiver of the existing contempt bond.

The only express restriction placed by the Eleventh Circuit "on injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be completely foreclosed from access to the court." Higdon v. Fulton Cnty., Georgia, 746 F. App'x 796, 800 (11th Cir. 2018) (citing Martin-Trigona v. Shaw, 986 F.2d 1384, 1385–87 (11th Cir. 1993)). Oliver proposes that the Court must weigh additional factors in determining the appropriateness of pre-

filing litigation restrictions. He specifically points to the frameworks promulgated in Safir v. United States Lines, Inc., 792 F.2d 19 (2d Cir. 1986), and De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990). Doc. 78 at 5 & 6. Oliver has offered no reason why either of these frameworks should be applied in this case. Neither case is binding on this Court nor have the tests they propose been fully endorsed or adopted by the Eleventh Circuit. In fact, the Court is aware of only five cases in this Circuit that have utilized the Safir framework in the more than three and a half decades since the case was decided. See, Lustig v. Stone, 2020 WL 3469719, at * 10 (S.D. Fla. Jun. 25, 2020) (adopting Safir framework); Silva v. Swift, 2020 WL 5523400, at * 7–8 (N.D. Fla. Jun. 1, 2020) (same); Blanco GmbH + Co. KG v. Vlanco Indus., LLC, 2015 WL 11142885, at * 3 (S.D. Fla. Jun. 1, 2015) (same); In re Dicks, 306 B.R. 700, 706 (M.D. Fla. 2004) (same); Ray v. Lowder, 2003 WL 22384806, at * 2 (M.D. Fla. Aug. 29, 2003) (same). The Court has been unable to locate any case in this Circuit adopting the De Long framework. But see, Smith v. United Statas, 386 F. App'x 853, 856 (11th Cir. 2010) (citing De Long in support of the need for due process to be recognized when imposing pre-filing restrictions).

Oliver's substantive argument is structured around the factors identified in De Long. (Doc. 78 at 6–9.) The first factor considers whether a litigant was afforded adequate due process and an opportunity to object to the proposed pre-filing restrictions. De Long, 912 F.2d at 1148. The second looks to whether the court in imposing the restrictions developed an adequate record of those cases relied upon in support of the restrictions. Id. The third factor considers whether the court made "substantive findings as to the frivolous or harassing nature of the litigant's actions." Id. The fourth and final factor requires that the imposed restrictions be narrowly tailored. Id. This framework was designed for an appellate court to review sanctions imposed by a district court. As such, it is not an ideal model for determining the appropriateness imposing

3

pre-filing restrictions. Regardless, in order to address each of Oliver's objections, the Court will follow his presentation and address the factors in turn.

Oliver concedes that the first factor is satisfied by the Report and Recommendation and its invitation to file objections. (Doc. 78 at 6.) He also acknowledges that the Court is aware and has considered his litigation history, as is contemplated by the second factor. (Id.) He, however, contests that Magistrate's characterization of the cases as evidencing his vexatiousness and past abuse. (Id. at 7.) Rather, he asserts that they merely demonstrate his litigiousness. (Id.)

The assertion that the Court is unfamiliar with the character of Oliver's litigation history is absurd. His behavior has been reviewed on multiple occasions and he has been repeatedly found to be a vexatious litigant. See, e.g., Oliver v. Lyft, Inc., et al., 4:19-cv-063, doc. 113 (S.D. Ga. Sept. 13, 2019) (finding additional restrictions necessary to address Oliver's "persistently frivolous litigation"); Oliver v. Lyft, Inc., 4:19-cv-125, doc. 54 (S.D. Ga. Sept. 13, 2019) (same); Oliver v. City of Pooler, et al., 4:18-cv-100, doc. 53 (S.D. Ga. Jan. 29, 2019) (discussing Oliver's pattern of vexatious litigation); Oliver v. Chatham Cnty., et al., 4:17-cv-101, doc. 189 at 4–8 (S.D. Ga. Mar. 30, 2018) (finding pre-filing restrictions appropriate because Oliver is "unwilling to restrain himself from flagrantly abusing [the judicial] machinery."). This pattern of "frivolous and harassing" filings has been recognized by other Courts as well. See, Oliver v. Luner, 2:18-cv-2562, doc. 99 (C.D. Cal. Sept. 26, 2018) (declaring Oliver to be a vexatious litigant); Oliver v. Cnty. of Los Angeles, et al., 2:15-cv-7791, doc. 110 at 7–9 (C.D. Cal. Feb. 22, 2016).

Oliver asserts that the Magistrate Judge's determination of his vexatious history is not sufficiently developed as he cited only a single case, Oliver v. Cnty. of Chatham, 4:17-cv-101, doc. 189 (S.D. Ga. Mar. 30, 2018). (Doc. 78 at 7.) This assertion is simply untrue. The Report and Recommendation expressly recognizes Oliver's prior designation as a vexatious litigant by

4

this Court and others.  (Doc. 77 at 2.)  It also lists multiple specific examples of abusive and vexatious conduct, including nine instances in which Oliver has previously filed frivolous motions for abusive or retaliatory purposes, (id. at 11–13), and six instances in which Oliver used partial dismissals in order to avoid the negative ramifications of his conduct or to coerce an opposing party, (id. at 13–14).  As such, Oliver's history of vexatious and abusive litigation has been well established.

Citing to De Long's third factor, Oliver objects to the Magistrate Judge's determination that his conduct in this case was vexatious.  (Doc. 78 at 7–8.)  He alleges that the Magistrate Judge failed to cite to any part of the record evidencing vexatious conduct.  (Id. at 8.)  This, again, misrepresents the analysis of the Report and Recommendation, which spent several pages discussing Oliver's prior vexatious conduct and comparing it to his behavior in this case.  (See, doc. 77 at 11–15.)  Contrary to Oliver's assertion that the Magistrate Judge considered only his motion to strike, the Report and Recommendation gives considerable attention to his request for sanctions.  As the Magistrate Judge noted, Oliver has a pattern of filing frivolous motions to sanction or disqualify counsel for the purpose of abusing opposing parties and counsel.  (Id. at 11–13 (listing cases).)  The Court found that, despite past warning and sanctions, he filed a similar motion in this case seeking to sanction Ameris Bank and its counsel in retaliation for the filing of a non-existent motion.[1]  (Doc. 77 at 11, 14–15; see also, doc. 66.)  The Magistrate Judge also discussed Oliver's habit of abandoning cases in order to avoid adverse decisions or the

---

[1] Oliver misconstrues the Magistrate Judge's reference to an "illusory motion" as a referring to Ameris Bank's motion to dismiss.  (Doc. 78 at 3.)  The context of the Report and Recommendation makes clear that the Magistrate Judge refers to the "motion to direct plaintiff to post a contempt bond without conducting evidentiary support" cited in Oliver's motion for sanction.  (Doc. 77 at 11, 14–15; see also, doc. 66.)  No such motion was ever filed by Ameris Bank, and the only reference to a contempt bond in the motion to dismiss is contained in a footnote expressing defendant's uncertainty as to whether it is applicable in a removed case.  (See, doc. 10 at 2, n. 2.)

consequences of his bad conduct. (Doc. 77 at 14–15.) His recent attempt to voluntarily dismiss his claims against Ameris Bank appear to follow in this pattern. As such, Oliver's vexatious conduct has been established in this case.

With regard to the fourth factor, Oliver argues that pre-filing restrictions must be narrowly tailored and that the imposition of a contempt bond while he is incarcerated effectively bars his access to the Courts. Though the proposed restrictions unquestionably limit Oliver's ability to file civil cases in this Court, they are not a complete bar to his access as the Court has not precluded Oliver from acquiring the required funds through loans, gifts, investment, or other sources not hindered by his incarcerated status. Ultimately, the Court finds the restrictions necessary to protect against his continued abuse of the judicial process and harassment of opposing parties and counsel. See, Procup v. Strickland, 792 F.2d 1069, 1073–74 (11th Cir. 1986) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). The fact that securing the funds through these sources might be difficult provides a greater incentive for Oliver to file only meritorious cases and to behave appropriately.

As the Magistrate Judge noted, past sanctions have not curtailed Oliver's vexatious tendencies and the Court's optimistic experiment with relying on the provisions of the Prison Litigation Reform Act have accomplished little more than allowing Oliver to test the boundaries of the Court's patience. Oliver's misconduct warrants robust action. (See, doc. 77 at 23–24.) The Court, therefore, **IMPOSES** the following sanctions, as recommended by the Magistrate Judge, in all pending and future civil cases filed by Oliver in this District:

1. The Clerk of Court shall open a miscellaneous file into which all of Oliver's future filings shall be collected. The presiding judge shall review the filings. Only those

complaints that allege a plausible claim for relief will be approved for filing. All other cases will be dismissed without any further judicial action after 30 days from the date the complaint was received by the Clerk, unless the Court orders otherwise. Thus, although the Court will read and consider any future complaint that Oliver endeavors to file, it will not necessarily enter an order addressing that complaint. If no order is forthcoming, then 30 days after the complaint's receipt, the Clerk shall, without awaiting any further direction, notify Oliver that the case has been dismissed without prejudice. The Clerk shall not docket any further motions or papers in that case except for a notice of appeal. If a notice of appeal is filed, the Clerk shall forward a copy of this Report and Recommendation, the Order adopting, the notice of appeal, and the dismissed Complaint to the Court of Appeals.

2. To ensure that all of Oliver's future pleadings are properly consolidated for review, the Clerk shall personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all of Oliver's future complaints are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office received and docketed the papers.

3. In any case approved for filing, Oliver must post a $1,000 contempt bond with the Clerk of Court. The bond will be held by the Clerk of Court and returned to Oliver at the conclusion of the case, if he conducts his affairs appropriately. During the period of his incarceration, Oliver is also subject to the provisions and restrictions of the Prison Litigation Reform Act, Pub. L. No. 104- 134, 110 Stat. 1321-71.

4. Oliver may file a motion to modify or rescind the order imposing these restrictions no earlier than two years from the date of its entry.

5. These filing restrictions do not apply to any criminal case in which Oliver is named as a defendant, or to any proper application for a writ of habeas corpus.

6. A copy of the order imposing these restrictions shall be forwarded to each judicial officer in this District.

Furthermore, as Oliver has continued to harass defendants and counsel, the motion to waive the contempt bond is **DENIED**.  (Doc. 70.)

**II. Dismissal and Oliver's Accumulated Strikes**

The Court previously granted Oliver's request to suspend, during his period of incarceration, portions of the pre-filing restrictions which were previously imposed.  (Doc. 48.)  The suspension was premised on the belief that the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA), would provide an alternative deterrent against Oliver's frivolous filings and abusive behavior.  (See doc. 23 at 4–6.)  In doing so, the Court expressed its understanding that Oliver had not previously accumulated the dismissals of three cases as frivolous, malicious, or for failure to state a claim while incarcerated, which would bar his ability to proceed *in forma pauperis*.  (Doc. 48 at 2.)  The Court subsequently became aware that Oliver had, in fact, accumulated four qualifying cases: Oliver v. Gore, et al., 3:09-cv-2505 (S.D. Cal. May 12, 2010); Oliver v. Reays Ranch Investors, et al., 4:10-cv-158 (D. Ariz. Mar. 15, 2010); Oliver v. Sloane, et al., 4:10-cv-169 (D. Ariz. Mar. 24, 2010); and Oliver v. Cnty. of Isanti, 0:10-cv-4218 (D. Minn. Jan. 3, 2011).[2]  It also found that Oliver was aware of his status under 28 U.S.C. §

---

[2]  Plaintiff repeatedly notes that the Magistrate Judge incorrectly refers to Oliver v. County of Isanti, et al. as Oliver v. Monson.  (See, e.g., doc. 78 at 13.)  Review of the docket for the District of Minnesota reflects that the case is captioned as Oliver v. Cnty. of Isanti; however, Isanti County is not included among the listed defendants.  See, Oliver v. Cnty. of Isanti, et al., CV0:10-4218 (D. Minn. Oct. 12, 2010).  The Court, therefore, adopted the standard convention of included the first named defendant in the case citation.  This confusion does not impact the analysis of the case, but for clarity, the Court will adopt the designation used in Oliver's objection, Oliver v. Cnty. of Isanti.

1915(g). (Id. at 19–20.) The Magistrate Judge recommended dismissal of the Complaint as sanction for Oliver's attempt to deceive the Court. (Id.)

Oliver, in his objections, does not deny failing to disclose the cases to the Court. Instead, he argues that they should not be considered as strikes under 28 U.S.C. § 1915(g) as he did not file Reays Ranch Investors, Sloane, or County of Isanti and Gore was dismissed on non-qualifying grounds. (Doc. 78 at 9–15.) He asserts that the cases were potentially filed by another inmate that stole his identity in order to fraudulently "collect money." (Id. at 14.) The Court finds this explanation unconvincing.

The Northern District of Georgia has twice found Oliver to have accumulated three strikes. Oliver v. Chex. Sys., Inc. et al., 3:20-cv-030, doc. 12 (Apr. 21, 2020); Oliver v. Kemp, 1:19-cv-5014, doc. 6 (N.D. Ga. Dec. 11, 2019). Oliver v. Kemp was dismissed without objection. Kemp, 1:19-cv-5014, doc. 6 (N.D. Ga. Dec. 11, 2019). In Chex Systems, Inc., Oliver objected to a recommendation of dismissal by the assigned Magistrate Judge arguing, in part, that he was not the individual that filed Reays Ranch Investors, Sloane, and County of Isanti. Chex. Sys., Inc., CV3:20-030, doc. 11 (N.D. Ga. Mar. 25, 2020). The Northern District reviewed the objection and rejected Oliver's claims, finding the identified cases share similarities with the recently filed Oliver v. County of Effingham, 2019 WL 356803 (S.D. Ga. Jan. 29, 2019). Oliver did not appeal the dismissal in Oliver v. Chex Systems, Inc., but, instead, filed the instant case in the Superior Court of Chatham County.

Gore, Reays Ranch Investors, Sloane, and County of Isanti were also recognized by the Central District of California when it deemed Oliver to be a vexatious litigant. Oliver v. Luner, 2:18-cv-2562, doc. 99 at 5 (C.D. Cal. Sep. 26, 2018). Though Oliver did attack certain other cited cases on appeal—challenging the political affiliations of the presiding judges—he did not contest

9

that he was the filer of the now challenged cases.  See, Oliver v. Sloan, No. 18-56306, doc. 15 at 13 (9th Cir. Sep. 26, 2019) (appellate brief).   In not appealing the determinations of the Northern District of Georgia and Central District of California, Oliver has effectively waived his ability to now assert that he was not the filing plaintiff in Gore, Reays Ranch Investors, Sloane, and County of Isanti.

Even if Oliver had not waived his ability to challenge the cases, his argument is unconvincing.  Both the Magistrate Judge and the Northern District of Georgia presented compelling reasons for concluding that Oliver filed the earlier cases.  These include facts alleged in County of Isanti that are consistent with those alleged in the recent Oliver v. Field, 353 Ga. App. 891 (Ga. Ct. App. 2020) and Oliver v. County of Effingham, 2019 WL 356803 (S.D. Ga. Jan. 29, 2019).  (Doc. 77 at 20–21; Chex Sys., Inc., 3:20-cv-030, doc. 12 at 3 (N.D. Ga. Apr. 21, 2020).  The Court also noted the use of a single address and prisoner identification number in each of the cases.  (Doc. 77 at 21).

Plaintiff requests the Court to compare the handwriting of the older cases with his more recent filings, alleging that they are dissimilar enough to suggest different filers.  (Doc. 78 at 13).  Though holding no expertise in the study of handwriting, the Court concedes that the signatures in the earlier cases are not identical to those on Oliver's recent filings.  This discrepancy may be attributable to the passage of a decade.  Regardless, the Court is confident that the handwriting and style, particularly that on the envelopes, is sufficiently similar to suggest that Oliver filed each of the cases.  Compare doc. 66 at 8 ("ATTN:" and underlined "CLERK OF COURT" on envelope) with Cnty. of Isanti, 0:10-cv-4218, doc. 1 at 25 (D. Minn. Oct. 13, 2010) ("ATTN:" and underlined "CLERK OF COURT" on envelope).  Plaintiff also claims to be in possession of evidence proving that he is not the filer of the identified cases.  (See, e.g., doc. 78 at 13 (alleging that the Sheriff of

Isanti County, Minnesota can prove that Oliver was not arrested within the county)).  Oliver has not provided any of this purported evidence.  The Court is confident that Oliver filed Reays Ranch Investors, Sloane, and County of Isanti.

Oliver does not contest that he filed Gore.  (Doc. 78 at 11.)  Instead, he argues that it does not qualify as a strike under 28 U.S.C. § 1915(g).  Gore was dismissed on Oliver's failure to exhaust administrative remedies prior to filing.[3]  Gore, CV3:09-2505, doc. 19 at 3–4 (S.D. Cal. May 11, 2010).  Contrary to Oliver's contention, dismissal for failure to exhaust does constitute a strike under 28 U.S.C. § 1915(g), as it is a form of failing to assert a claim on which relief might be granted.  See, White v. Lemma, 947 F.3d 1373, 1379 (11th Cir. 2020) (recognizing that dismissal for failure to exhaust counts as a strike under Eleventh Circuit precedent).  Even if this ground of dismissal was in question, the Gore court also considered each individual claim asserted and dismissed them individually on failure to state a claim grounds.[4]  Gore, CV3:09-2505, doc. 19 at 4–8.

The Court finds that Oliver has accumulated at least three prior dismissals that qualify as strikes under 28 U.S.C. § 1915(g).  It also finds that he knowingly failed to disclose this to the Court.  Dismissal of this case is an appropriate sanction for his attempt to deceive.

---

[3] Oliver now asserts that the failure to allege exhaustion was an oversight.  (Doc. 78 at 11–12 ("When the plaintiff filed the [second amended complaint], based on a typographical error, the plaintiff forgot to allege that he exhausted his administrative remedies.").  This is inconsistent with his representations to the Gore court.  Oliver v. Gore, et al., 3:09-cv-2505, doc. 15 (S.D. Cal. Mar. 22, 2010) (admitting to not exhausting administrative claims and alleging the exhaustion was not necessary for a claim against a county entity).

[4] The Gore court took the unusual step of affording Oliver an additional opportunity to amend his complaint after the dismissal.  Gore, 3:09-cv-2505, doc. 19 at 8–9.  Oliver did not file an amendment.  He now contends that the failure to file an amended complaint resulted in the case being dismissed on failure to prosecute grounds.  (Doc. 78 at 12–13).  This is not supported by the case docket, which identifies the date of termination as the date on which the second amended complaint was dismissed and contains no Order dismissing for failure to prosecute.

## CONCLUSION

Therefore, the Court **OVERRULES** Plaintiff's Objections, and **ADOPTS** the Report and Recommendation, (doc. 77), as the opinion of the Court.  The Court **DENIES** Plaintiff's motions to amend, (docs. 40 & 52), and Motion for Waive of his Contempt Bond, (doc. 70).  The Court **DENIES** all other pending Motions as **MOOT** and **DISMISSES** this case.  The above-described pre-filing restrictions are **IMPOSED** on all pending and future cases filed by Oliver in this district.  The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 10th day of August, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA