IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANTHONY OLIVER,

    Plaintiff,

v.

AMERIS BANK, CHEX SYSTEMS, INC., EXPERIAN INFORMATION SOLUTIONS, INC., and EQUIFAX INFORMATION SOLUTIONS, LLC,

    Defendants.

CIVIL ACTION NO.: 4:20-cv-273

**O R D E R**

Vexatious litigant Anthony Oliver appealed this Court's imposition of filing restrictions. (See doc. 81; see also doc. 79 (Order); doc. 80 (Judgment)). Relevant here, the Court of Appeals affirmed both the Court's imposition of pre-filing restrictions and the general substance of the restrictions imposed. (See doc. 90, pp. 9-10.) The Court of Appeals, however, expressed concern about the requirement that Oliver post a contempt bond. (Id., p. 10.) Specifically, it was concerned that the Court's Order "includes no express language permitting Oliver to move for a waiver of the contempt-bond requirement." (Id.) Based on the ambiguity in the Order, the Court of Appeals vacated the prior Order, in part,[1] and remanded this case with instructions "to include – among the list of pre-filing conditions – language detailing the procedure by which Oliver may seek a waiver of the contempt-bond requirement if he is unable to afford one." (Id.) As the Court of Appeals mandate has been made the Order of this Court, (doc. 92), and based on that instruction,

---

[1] The Court of Appeals was explicit that it "vacate[d] only the portion of the district court's order pertaining to the contempt-bond requirement . . . ." (Doc. 90, p. 11.) Given that limitation, the Court leaves undisturbed the remainder of the affirmed Order and enters this Order supplementing it, only to replace the vacated portion.

the Court enters the instant Order, supplementing the previously imposed pre-filing restrictions, (doc. 79).

In any case approved for filing, pursuant to the terms of the Court's prior Order, (see doc. 79, pp. 6-7), Oliver must post a $1,000 contempt bond with the Clerk of Court. The bond will be held by the Clerk of Court and returned to Oliver at the conclusion of the case, if he conducts his affairs appropriately. During the period of his incarceration, Oliver is also subject to the provisions and restrictions of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321-71. Plaintiff may move the Court for a waiver of the bond requirement if he contends that, because of indigency or poverty, he is unable to pay it. The motion for waiver must be supported by a sworn affidavit declaring his indigency and inability to remit payment. The affidavit must include the language: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746. If Plaintiff is incarcerated, the motion must be accompanied by an accounting of his prisoner trust account.

The above-described pre-filing restriction and those previously imposed and affirmed by the Eleventh Circuit, (doc. 79, pp. 6-8, see also doc. 90, pp. 9-10), are **IMPOSED** on all pending and future cases filed by Oliver in this district. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 28th day of November, 2023.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA